UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RBS ASSET FINANCE, INC., a New York
corporation, f/k/a RBS LOMBARD, INC.,
f/k/a LOMBARD US EQUIPMENT
FINANCE CORPORATION.

        Case No. 05-72681

   Plaintiff,        Hon. Lawrence P. Zatkoff

v.

FACUNDO BRAVO, a Michigan resident,
BRAVO FAMILY, LLC, a Michigan limited
liability company, BERKLEY MACHINE
PRODUCTS, INC., a Michigan corporation,
U.B.I. LEASING, INC., a Michigan
corporation, and REINHART INDUSTRIES,
INC., a Michigan corporation,

   Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on July 6, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment as to Liability. Defendants have filed responses, to which Plaintiff has replied. The Court finds that the facts and legal arguments pertinent to Plaintiff's Motion are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D.

Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Plaintiff's Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Plaintiff's Motion for Partial Summary Judgment as to Liability is GRANTED.

## II. BACKGROUND

Uni Boring Company, Inc. ("Uni Boring") is a tier one automotive supplier based in Howell, Michigan, that specializes in powertrain assemblies. In June 2002, Uni Boring entered into a $6,549,761 loan agreement with Plaintiff's predecessor in interest, Lombard U.S. Equipment Finance Corp. (the "Loan Agreement"), so that Uni Boring could purchase a Twelve Station Free Flow Palletized Transfer Machine. The loan was secured by, among other things, separate guaranties from each of the five defendants. Facundo Bravo at all times relevant to this action was the President and CEO of Uni Boring. Berkley Machine Products, Inc. and Reinhart Industries, Inc. are wholly-owned by Uni Boring, and U.B.I. Leasing, Inc. is wholly-owned by Facundo Bravo. The ownership of Bravo Family, LLC is not specified, but Facundo Bravo is the registered agent.

According to the note accompanying the Loan Agreement (the "Note"), Uni Boring was required to make monthly payments to Plaintiff pursuant to a payment schedule incorporated as part of the Note. This payment schedule included payments of $136,453.35 due on or before May 1, 2005, and June 1, 2005. Further, pursuant to Schedule III of the Loan Agreement, Uni Boring was required to maintain a stated Debt Service Coverage Ratio, a Minimal Tangible Net Worth, and a Total Debt to Effective Net Worth Ratio. Finally, Section 6.01 of the Loan Agreement required Uni Boring to provide Plaintiff with financial statements for Uni Boring and each of the corporate guarantors (Bravo Family, L.L.C., Berkley Machine Products, Inc., U.B.I. Leasing, Inc., and

2

Reinhart Industries, Inc.) for the quarter ending March 31, 2005. As of May 20, 2005, Uni Boring had not satisfied any of the specified Note conditions, each of which constituted an event of default under the Loan Agreement.

Plaintiff sent Uni Boring and each of the defendant guarantors a letter indicating that the loan was in default and demanding payment. Rather than paying Plaintiff and its numerous other creditors, Uni Boring filed for bankruptcy on June 9, 2005 (which constituted another event of default under the Loan Agreement). To date, the defendant guarantors have refused to satisfy Uni Boring's obligations to Plaintiff pursuant to the guaranties. On July 7, 2005, Plaintiff filed this lawsuit to enforce defendants' performance pursuant to the guarantees.

### III. LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings, combined with any affidavits in support show that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)(citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its

motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324. The nonmoving party must do more than show that there is some metaphysical doubt as to the material facts. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

### IV.  ANALYSIS

**A.     New York Law**

The instant matter is governed by New York law pursuant to the terms of the guaranties.

**B.     Guaranties are Unambiguous**

Under New York law, a contract of guaranty must be interpreted in the same manner as any other contract. *Eastern Capital Corp. v. Freeman*, 10 Misc.2d 412, 414-15(1957), citing *Smith v. Molleson*, 148 N.Y. 241, 42 N.E. 669 (1896). A guaranty is construed by principles governing other contracts, with a guide being the intention of the parties as expressed in the guaranty and illuminated by surrounding circumstances. *Fenner v. Cahn*, 146 Misc. 210, 212, 261 N.Y.S. 528 (1933). A guaranty, unlike the undertaking of a surety, receives a strict interpretation; the liability of a guarantor should not be extended by implication beyond the terms of the contract, as contracts of guaranty are to be construed like other contracts with the goal of arriving at the intent of the parties. *Knit Goods Exchange v. Halperin*, 142 N.Y.S. 566, 567, 81 Misc. 218, 220 (1913).

A court will not undertake interpretation or construction of an agreement, unless there exists some ambiguity that requires such action. *In re Kline Revocable Trust U/A*, 196 Misc.2d 66, 72, 763 N.Y.S.2d 721 (2003), citing *11 Williston, Contracts* §30:4, at 37 (4th Ed. 1999). An ambiguity is simply an uncertainty of meaning or intention. *Id.*, citing Black's Law Dictionary 79 (7th Ed. 1999). The presence or absence of an ambiguity is a question of law to be resolved by the court addressing the document or documents at issue. *Id.*, citing *W.W.W. Associates, Inc. v. Giencontieri*, 77 N.Y.2d 157, 565 N.Y.S.2d 440, 566 N.E.2d 639 (1990). Resolution by a fact-finder is required, however, where interpretation of contract terms is susceptible to varying reasonable interpretations, and intent must be gleaned from disputed evidence or from inferences outside written words. *Time Warner Enter. Co., L.P. v. Brustowsky*, 634 N.Y.S.2d 82, 221 A.D.2d 268 (1995).

In this case, the defendants' guaranties are clear and unambiguous; as such, the Court addresses the guaranties as questions of law. Each of the guaranties, in identical language, provides that in the event of a default by Uni Boring, the defendant guarantors are unconditionally obligated to pay Plaintiff the full amount of Uni Boring's indebtedness to Plaintiff, including, but not limited to, the principal balance due, interest, and all costs and expenses of collection, including Plaintiff's attorneys' fees:

> Guarantor hereby unconditionally and irrevocably guarantees the full and timely payment and performance of the following (collectively, the "Guaranteed Obligations"):
>
> (a) all Obligations, whether for principal, interest, fees, expenses or otherwise,
>
> (b) all other obligations of Borrower to Lender now or hereafter incurred and
>
> (c) any and all costs and expenses (including reasonable attorneys' fees and expenses) incurred by Lender in enforcing any of its rights under

this Guaranty or any Loan Document.

**C.     Uni Boring Default; Defendants' Failure to Perform**

Uni Boring's failure to make its May and June 2005 debt payments, its failure to maintain the required Debt Service Coverage Ratio, Minimal Tangible Net Worth, and Total Debt to Effective Net Worth Ratio, and the filing of bankruptcy by Uni Boring all constituted events of default under the Loan Agreement.  When Plaintiff sent Uni Boring and each defendant guarantor a letter stating that Uni Boring had defaulted on its obligations under the Loan Agreement and the Note, Plaintiff also demanded that Uni Boring and each of the defendants perform his or its obligations pursuant to the guaranties: "Plaintiff hereby demands that payment be made no later than May 25, 2005." Neither Uni Boring nor the defendant guarantors have performed. Thus, defendants have breached their obligations under the guaranties.

**D.     Plaintiff Need Not Pursue Uni Boring First**

The guaranties provide that they are guaranties of payment and performance, not of collection, so Plaintiff does not need to seek satisfaction from Uni Boring before seeking payment from the defendant guarantors:

> This is an absolute, unconditional and continuing guarantee of payment and performance and not of collection of all Guaranteed Obligations, and Guarantor agrees that its obligations under this Guaranty shall be irrevocable. . . .  No act or thing need occur to establish the liability or obligation of Guarantor hereunder, and no act or thing, except full payment, discharge and performance of all Guaranteed Obligations, shall in any way exonerate Guarantor hereunder or modify, reduce, limit or release the liability of Guarantor hereunder.

The language of the guaranties is clear and unambiguous.  As a matter of law, the language establishes the defendant guarantors' liability in the event of Uni Boring's default and that Plaintiff need not attempt to collect from Uni Boring first.

6

**E.     Defendants' Defenses**

   *1.     Necessary Parties*

Plaintiff has asserted that defendants have wrongly claimed that the Uni Boring is a necessary party to this lawsuit. In fact, defendants do not raise this objection in responding to the instant motion. Nonetheless, the Court notes that each of the defendants specifically agreed that his or its liability under the guaranties:

> is absolute and unconditional and shall not be affected or impaired by any of the following acts or things: . . . (b) the absence of any attempt to collect the Guarantied Obligations from Borrower or any other Person.

In addition, defendants agreed that their liability existed "whether or not action is brought first or at all against Borrower or any other Person, against any collateral security or any other circumstance whatsoever, and whether or not Borrower or any other Person is joined in any such action or actions, . . ." Accordingly, the Court concludes that Uni Boring is not a necessary party to this action.

   *2.     Uni Boring Bankruptcy*

Defendants suggest that the Uni Boring bankruptcy is an impediment to Plaintiff's instant action pursuant to the guaranties. In reviewing the guaranties, however, the Court finds that Defendants specifically agreed that their guaranty obligations would be unaffected by any Uni Boring bankruptcy:

> The liability of Guarantor under this Guaranty is absolute and unconditional and shall not be affected by or impaired by any of the following acts or things: . . . (g) the commencement of any bankruptcy, insolvency or similar proceeding with respect to Borrower.

   *3.     Sale of Uni Boring Assets*

7

Defendants argue that the sale of Uni Boring to a third party, and the corresponding escrow from that sale earmarked for Plaintiff, will satisfy the debt owed by Uni Boring to Plaintiff under the Loan Agreement. Even if that is true, however, Plaintiff is under no obligation to seek recovery from Uni Boring first (as noted above in subsection IV.E.1). Moreover, the guaranties expressly provided:

> The liability of Guarantor under this Guaranty is absolute and unconditional and shall not be affected by or impaired by any of the following acts or things: . . . (j) any collection, sale, lease or disposition of . . . any of the Collateral . . ."

Once again, the guaranties are clear and unambiguous. The sale of assets does not affect or impair the liability of the guarantors under the guaranties. Accordingly, the Court concludes that the sale of Uni Boring's assets have no bearing on Plaintiff's ability to enforce the guaranties against the defendants.

### *4.  Consideration*

As noted above, a court will not undertake interpretation or construction of an agreement, unless there exists some ambiguity that requires such action. *In re Kline Revocable Trust U/A*, 196 Misc.2d 66, 72, 763 N.Y.S.2d 721 (2003), citing *11 Williston, Contracts* §30:4, at 37 (4th Ed. 1999). The presence or absence of an ambiguity is a question of law to be resolved by the court addressing the document or documents at issue. *Id.*, citing *W.W.W. Associates, Inc. v. Giencontieri*, 77 N.Y.2d 157, 565 N.Y.S.2d 440, 566 N.E.2d 639 (1990).

In this case, the plain language in each of the guaranties expressly states that adequate consideration was provided and the nature of the consideration:

> THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Guarantor hereby agrees as follows.

In addition, each guaranty states that the signatory acknowledged that:

> The execution and delivery of this Guaranty is a condition precedent to Lender's agreement to enter into the Loan Agreement and make one or more of Loans thereunder.

Simply put, there is no ambiguity in this case whether consideration was given in exchange for the guarantees. Each of the guarantors agreed, by the terms of the Guaranty, that the Guaranty was given "for good and valuable consideration." As such, contrary to defendants' assertions, there is no reason for the Court to look at parole evidence to determine whether adequate consideration was provided. The Court also notes that all of the guarantors in this case are highly sophisticated parties, and each of the guarantors is closely related to Uni Boring and/or Facundo Bravo. Facundo Bravo is the President and CEO of Uni Boring. Berkley and Reinhart are wholly-owned by Uni Boring. U.B.I. is wholly owned by Facundo Bravo. The Bravo Family, LLC lists Facundo Bravo and Uni Boring Company Inc. as its registered agent and uses the same address as that of Uni Boring. Moreover, as set forth in each of the guaranties:

> Guarantor has a direct and financial economic interest in Borrower and expects to derive substantial benefits therefrom and from any loans, credit transactions, financial accommodations, discounts, purchases of property and other transactions and events arising in connection with the Loan Agreement.

  5.  *Discovery*

Defendants argue that because discovery had not commenced at the time Plaintiff's Motion was filed, granting summary judgment would be premature. Defendants claim that facts had not been ascertained as to whether consideration existed and whether there was any breach by Plaintiff. As set forth above, however, there is no question of fact regarding consideration. The Court also notes that the discovery period has now closed and no supplemental materials have been

filed by Defendants that evidence any indication that Plaintiff breached the Loan Agreement or the Note. Accordingly, the Court finds no basis for denying Plaintiff's Motion on the basis of outstanding discovery issues.

    *6.*    *Waiver*

Finally, Defendants allege that Plaintiff is equitably estopped from denying that its representative allegedly acknowledged that consideration to support the guaranties was lacking at the time they were executed. Defendants argue that they relied on this acknowledgment of lack of consideration in executing the guaranties. Once again, the Court finds (1) the plain language of the guaranties expressly provides that each of the defendants acknowledged that valuable consideration had been provided in exchange for execution of the guaranties, and (2) each of the guarantors is a sophisticated party familiar with business transactions. Accordingly, the Court is not persuaded by Defendants' argument that Plaintiff is equitably estopped on the issue of consideration.

**F.**    **Conclusion**

For the reasons set forth above, the Court finds there are no genuine issues of material fact as to each of the Defendants' obligations under the guaranties. Accordingly, the Court grants Plaintiff's Motion for Partial Summary Judgment as to Defendants' liability for all principal, interest, costs of collection and other amounts due under the guaranties. The amount of damages to which Plaintiff is entitled is the only remaining issue in dispute.

### V. CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion for Partial Summary

Judgment as to Liability is GRANTED.

    IT IS SO ORDERED.

                                    s/Lawrence P. Zatkoff
                                    LAWRENCE P. ZATKOFF
                                    UNITED STATES DISTRICT JUDGE

Dated: July 6, 2006

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 6, 2006.

                                    s/Marie E. Verlinde
                                    Case Manager
                                    (810) 984-3290